

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| KENNETH ROBINSON; TONY HAWKINS; RUDY JACKSON; PERCY MCINTOSH; RICK SPIGHT; NICOLE WILLIAMS; NORMAN ALSTON, <br><br> Plaintiffs-Appellants <br><br> and <br><br> TYRONE WATSON, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY F. GEITHNER, Secretary of the United States Department of Treasury; INTERNAL REVENUE SERVICE, <br><br> Defendants - Appellees. | No. 08-16396 <br><br> D.C. No. 1:05-cv-01258-LJO-GSA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O' Neill, District Judge, Presiding

Argued and Submitted October 7, 2009
San Francisco, California

_____

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and BERZON, Circuit Judges, and STROM,** District Judge.

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., brought by current and former employees of the Internal Revenue Service ("IRS"). Plaintiffs-appellants (collectively, "appellants"), Kenneth Robinson, Tony Hawkins, Rudy Jackson, Percy McIntosh, Rick Spight, Nicole Williams, and Norman Alston, appeal the district court's order dismissing their claims in the second amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The district court found all of appellants' claims were either unexhausted, time-barred, or barred by arbitration election. We AFFIRM in part and REVERSE in part.

## I. Subject Matter Jurisdiction

We review de novo the district court's dismissal for lack of subject matter jurisdiction. *See Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001). When considering a factual challenge to subject matter jurisdiction, a court may rely on evidence extrinsic to the pleadings and is not required to presume the

_____

** The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

truthfulness of the complaint's allegations. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In this case, appellants bear the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). In order to exhaust administrative remedies, federal employees, such as the appellants, must first consult with an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory matter, and if the matter is not resolved, file a formal administrative complaint with the agency that allegedly discriminated against them within 15 days of receiving notice from the EEO counselor. 29 C.F.R. § 1614.105(a), (d); 29 C.F.R. § 1614.106(a), (b).

An employee may file a civil action: (1) within 90 days of receipt of notice of final action taken by the agency, or by the Equal Employment Opportunity Commission ("EEOC"), if the agency's decision is appealed to the EEOC, or (2) after 180 days from the date of filing the administrative complaint if an appeal has not been filed and final action has not been taken, or after 180 days from the date of filing an appeal with the EEOC if there has been no final decision

by the EEOC.  42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.  The permissible scope of a Title VII civil action is limited to the scope of the administrative complaint and the EEOC investigation.  *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002).  Incidents of discrimination not alleged in the administrative complaint may not be considered by a federal court, unless the new claims are "like or reasonably related" to those alleged in the administrative complaint, or "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the [administrative] charge of discrimination."  *Id.* (citations and emphasis omitted).  Language in an administrative complaint must be construed liberally when determining whether allegations in the civil complaint are exhausted.  *Id.*  However, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

With these principles in mind, we consider the specific claims asserted by each appellant, and whether the district court properly dismissed the claims for lack of subject matter jurisdiction.

Alston concedes that he has not filed an administrative complaint. As such, the district court properly dismissed Alston's claims for lack of subject matter jurisdiction.

Each of the remaining appellants has filed at least one administrative complaint, and therefore, the Court must determine whether claims in the second amended complaint are within the scope of the administrative complaints and are otherwise properly exhausted and timely asserted. The administrative complaints are not in the record, but appellants stipulated during oral argument that we may rely on the agency's descriptions of the administrative complaints, which are in the record, as the basis for our review.

The district court properly dismissed all of the claims of Hawkins, Spight, and Williams because these appellants failed to establish that their claims are within the scope of any administrative complaints. Hawkins argues the claims in paragraph 97 of the second amended complaint are within the scope of claims asserted in administrative complaint Case No. TD 00-4202T; however, the claims in paragraph 97 and the claims in the administrative complaint appear to involve different incidents that occurred during different time periods, and Hawkins has not sufficiently shown that the two sets of claims are reasonably related. Hawkins also failed to show that any of his remaining claims were timely exhausted.

Similarly, the record does not sufficiently support a finding that Spight's or Williams' claims are within the scope of administrative complaints in the record. Accordingly, the district court did not err when it dismissed the claims of Hawkins, Spight, and Williams for lack of subject matter jurisdiction.

With regard to Robinson, Jackson, and McIntosh, they have sufficiently established federal subject matter jurisdiction over some of their claims. Specifically, the record before the Court sufficiently supports the following: the claims in paragraph 25 of the second amended complaint are within the scope of administrative complaint Case No. TD 03-4024T and were timely asserted; the claims in paragraphs 38 and 39 of the second amended complaint are within the scope of administrative complaint Case No. TD 01-4145T and were timely asserted; and the claims in paragraph 69 of the second amended complaint are within the scope of administrative complaint Case No. TD 03-4154T and were timely asserted.[1] The district court erred when it dismissed Robinson's claims in paragraph 25, McIntosh's claims in paragraphs 38 and 39, and Jackson's claims in paragraph 69 of the second amended complaint.

---

[1] Discovery may reveal that the discriminatory conduct alleged in paragraphs 25, 38, 39, and 69 of the second amended complaint is different than the discriminatory conduct alleged in the respective administrative complaints, and the district court may find after a more developed record that it does not have jurisdiction over the allegations in one or more of those paragraphs.

The district court properly dismissed the remainder of Robinson's, Jackson's, and McIntosh's claims. Jackson specifically challenges the dismissal of claims in paragraphs 64-68 of the second amended complaint, but the record indicates the claims were not timely asserted, and Jackson has failed to show that the claims are actionable and not time-barred. McIntosh specifically challenges the dismissal of the claims in paragraph 42 of the second amended complaint; however, he has failed to sufficiently show that claims in paragraph 42 are within the scope of the administrative complaints in the record. Robinson, Jackson, and McIntosh do not meaningfully challenge the dismissal of their remaining claims, and the record supports a finding that the remaining claims are either unexhausted, barred by arbitration election, or time-barred. The district court did not err when it dismissed all of Robinson's, Jackson's, and McIntosh's claims, except those claims contained in paragraphs 25, 38, 39, and 69 of the second amended complaint.

**II. Leave to Amend the Second Amended Complaint**

Having found the district court properly dismissed several claims, we must next determine whether the district court properly dismissed the claims with prejudice, or whether the district court should have sua sponte granted appellants leave to amend the second amended complaint. The district court found the jurisdictional defects could not be cured by amendment. We review de novo

whether leave to amend would be futile.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

In the case of Alston, it is clear that any amendment would be futile because he has not filed an administrative complaint covering claims in the second amended complaint.  With regard to the remaining appellants, amendment would similarly be futile.  To the extent Robinson, Hawkins, Jackson, McIntosh, Spight, and Williams failed to assert claims in this action that were asserted in prior administrative complaints, the record before the Court establishes that such claims are now time-barred because the time for filing a judicial action regarding those claims has expired.  As to those claims that were properly dismissed by the district court, we affirm its decision to dismiss the claims with prejudice.

Based on the foregoing, the district court's dismissal of claims contained in paragraphs 25, 38, 39, and 69 is reversed, and the district court's order dismissing appellants' claims is affirmed in all other respects.

AFFIRMED in part, REVERSED in part; each party shall bear its own costs.